**Mac GUINN, et al., Plaintiffs,**

v.

**TIMCO AVIATION SERVICES, INC. and Aerocell Structures, Inc., Defendants.**

No. 02–CV–6170.

United States District Court, W.D. Arkansas, Hot Springs Division.

Feb. 10, 2004.

C. Burt Newell, Angela R. Echols, Bachelor & Newell, Hot Springs, AR, Gregory Louis Yeatman, Yeatman & Associates, P.A., for Plaintiffs.

Kathlyn Graves, Wright, Lindsey & Jennings LLP, Little Rock, AR, Thomas H. Keim, Jr., Edwards, Ballard, Bishop, Sturm, Clark & Keim, P.A., Spartanburg, SC, for Defendants.

### MEMORANDUM OPINION

DAWSON, District Judge.

Plaintiffs bring this action against their former employers, Timco Aviation Services, Inc. and Aerocell Structures, Inc., under the provisions of the Worker Adjustment and Retraining Notification Act (hereinafter "Warn Act"), 29 U.S.C. § § 2101—2109. The forty-six Plaintiffs allege that Defendants instituted a mass layoff of employees on September 28, 2001,

and failed to provide the employees with either 60 days notice of the layoff or with 60 days pay, as required by the Warn Act. Plaintiffs seek to recover 60 days back-pay and lost benefits. Ten of the Plaintiffs also assert state-law breach of contract claims. (Doc. 41.) Currently before the Court is Defendants' Motion for Summary Judgment, Plaintiffs' Response, and Defendants' Reply. (Docs. 43, 49, 52.) For the reasons stated herein, the motion is GRANTED with regard to the Warn Act claims and the Court declines to exercise supplemental jurisdiction over the breach of contract claims.

Under the Warn Act, "[a]n employer shall not order a . . . mass layoff until the end of a 60–day period after the employer serves written notice of such an order . . . to each affected employee." 29 U.S.C. § 2102(a). The term "mass layoff" is defined as a "reduction in force which . . . results in an employment loss at the single site of employment during any 30–day period for at least 33 percent of the employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3). Defendants argue that they are entitled to summary judgment on the Warn Act claims because the number of employees who experienced an employment loss was insufficient to trigger the Warn Act's notice requirements.

## I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the import of the evidence, judgment should not be granted. Id. at 250–51, 106 S.Ct. 2505. The non-moving party, however, must set forth specific facts sufficient to raise a genuine is-

sue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II. Warn Act Calculations

The threshold number of employees required to trigger the Warn Act's notice requirements is to be calculated as follows:

STEP ONE: TOTAL NUMBER OF EMPLOYEES AT THE SINGLE SITE OF EMPLOYMENT MINUS PART-TIME EMPLOYEES = **NUMBER OF WARN ACT EMPLOYEES**

STEP 2: NUMBER OF WARN ACT EMPLOYEES X 33% = **WARN ACT THRESHOLD NUMBER**

### A. Step One—Warn Act Employees

■ Plaintiff's Exhibit 18 is a list of names of 191 full-time employees who Plaintiffs contend constitute the total number of Warn Act employees. (Doc. 49 Ex. 18.) Defendants contend that 11 additional employees must be added to this figure, for a total of 202 employees. Plaintiff's Exhibit 18 identifies these 11 employees as part-time.

A "part-time employee" is defined as "an employee who . . . has been employed for fewer than 6 of the 12 months preceding the date on which notice is required." 29 U.S.C. § 2101(a)(8). As the layoff occurred on September 28, 2001, the date notice was required was July 29, 2001, 60 days prior to the layoff. See 20 C.F.R. pt. 639.5(a)(2). Thus, to be considered a full-time employee, an employee had to be hired at least six months prior to July 29, 2001, or had to be hired by January 29, 2001.

Plaintiffs list the hire dates of the 11 employees at issue as being subsequent to January 29, 2001. However, Defendants submit employment records which establish that the these employees were hired prior to that date. These records also

reflect that the dates listed by Plaintiffs are actually dates the employees received promotions, not the dates of hire. (Doc. 43 Ex. 1 Attach. B.) This evidence is undisputed and Plaintiffs have cited no authority which would permit the Court to look to promotion dates rather than hire dates. As the 11 employees were hired prior to January 29, 2001, they must be added to the list of full-time employees. Accordingly, Defendants employed 202 individuals who qualified as Warn Act employees.

## B. Warn Act Threshold Number

Step two of the Warn Act calculation is to multiply the 202 Warn Act employee figure by 33%. The resulting figure—66—is the threshold number of employees required to constitute a mass layoff and trigger the Warn Act's notice requirements. Plaintiff's Exhibit 18 lists 66 employees which they contend suffered an "employment loss" as a result of the September 28, 2001 layoff. The Warn Act defines the term "employment loss" as "an employment termination, other than a discharge for cause, voluntary departure, or retirement." 29 U.S.C. § 2101(a)(6).

Employment records indicate that four of the individuals identified by Plaintiff resigned prior to the layoff. (Doc. 43 Ex. 1 Attach. A; Doc. 49 Exs. 19, 20.) Plaintiffs contend that these employees resigned because they "were aware of the financial condition of the company, and they knew that a layoff was inevitable." (Doc. 50 at p. 13.) Plaintiffs argue that this creates a "fact issue" as to whether the resignations constituted an employment loss. Plaintiffs have cited no authority for this proposition and the Court's review of the caselaw does not support Plaintiffs' position. To the contrary, the Eighth Circuit has expressly held that a voluntary resignation in lieu of being laid off is not an employment loss

under the Warn Act. *See Rifkin v. McDonnell Douglas Corp.*, 78 F.3d 1277, 1283 (8th Cir.1996). Accordingly, Plaintiffs list of laid-off employees must be reduced by the four employees who resigned. This results in a total of only 62 laid-off employees, which is less than the threshold number (66) required to constitute a mass layoff. The Warn Act's notice requirements were therefore not triggered by the September 28, 2001 layoff.

## III. Conclusion

Based on the foregoing, Defendants' motion for summary judgment is GRANTED with regard to Plaintiffs' Warn Act claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law breach of contract claims and these claims will be dismissed without prejudice. Defendants' request for attorneys' fees is DENIED. A separate judgment will be entered accordingly.